IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST *et al.*,

    Plaintiffs,

v.                                                       Civ. No. 13-941 SWS/KK

XTO ENERGY, INC.*,*

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant's Second Motion to Compel Answers to Interrogatories ("Second Motion to Compel") (Doc. 139), filed January 8, 2016. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that the motion is well taken in part, and will GRANT the motion in part and DENY it in part, as follows.

As a preliminary matter, Plaintiffs are correct that Defendant's Interrogatory No. 16-2 is *not* a revision of Interrogatory No. 16[1] in compliance with the Court's September 15, 2015 Order Granting in Part and Denying in Part Defendant's Motion to Compel ("First Order on Motion to Compel"), and should thus be considered a new and separate interrogatory. (Doc. 141 at 1-2; *compare* Doc. 126 ¶ 5 *with* Doc. 139-1 at 8-9.) In particular, Plaintiffs are correct that Defendant's Interrogatory No. 16-2 is not limited to Plaintiffs only, and does not "divide [Interrogatory No. 16] into separate, more specific interrogatories regarding particular claims," as the Court's First Order on Motion to Compel directed, although Interrogatory No. 16-2 does

---

[1] These interrogatories are numbered "16-2" and "16," respectively, for each Plaintiff except the Neely-Robertson Revocable Family Trust, for which they are numbered "15-2" and "15," respectively. (Doc. 139 at 3.) For simplicity, the Court will refer to all of the interrogatories as being numbered "16-2" and "16," respectively.

refer to Plaintiffs' causes of action with more specificity than the original Interrogatory No. 16. (*Id.*)

Nevertheless, defense counsel conferred with Plaintiffs' counsel well over a month before filing Defendant's Second Motion to Compel, (Doc. 139-1 at 6; Doc. 142 at 2-3), and in response, Plaintiffs made two attempts to answer Interrogatory No. 16-2. (Doc. 139 at 2; Doc. 139-2 at 3-5; Doc. 139-3 at 2-4; Doc. 139-4 at 2-4; Doc. 139-5 at 2-4.) In so doing, Plaintiffs made no objections to the manner in which Interrogatory No. 16-2 was served or to its failure to comply with the Court's First Order on Motion to Compel. (*Id.*) The Court therefore finds that Plaintiffs have waived these objections. *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) ("It is well established that all objections to discovery requests must be timely or they are waived, unless the court excuses the failure to object for good cause."). However, the Court further finds that, because Interrogatory No. 16-2 does not comply with the Court's First Order on Motion to Compel, and because Plaintiffs' answers to Interrogatory No. 16-2 are to be considered answers to a new interrogatory, and not supplemental answers to Interrogatory No. 16, it would be unjust to award Defendant the expenses it incurred in bringing this Second Motion to Compel. Fed. R. Civ. P. 37(a)(5)(A)(iii) (court granting motion to compel must award expenses to moving party unless "circumstances make an award of expenses unjust"); (*cf.* Doc. 126 at 3 ("[I]f Plaintiffs' *supplemental answers* are not sufficiently specific, the Court will consider whether to award fees and costs to Defendant on a subsequent motion.") (emphasis added).)

Turning to the substance of Defendant's Second Motion to Compel, the Court finds that Plaintiffs' answers to Interrogatory No. 16-2 are incomplete and nonresponsive. Although Plaintiffs' answers allude to some material facts responsive to the interrogatory, they do not

forthrightly either provide these facts or state that Plaintiffs are unable to do so. (Doc. 139-2 at 3-5; Doc. 139-3 at 2-4; Doc. 139-4 at 2-4; Doc. 139-5 at 2-4.) Further, Plaintiffs' answers do not indicate from whom and/or which document(s) Plaintiffs' counsel learned each responsive material fact. (*Id.*) Plaintiffs do provide some of the information that their answers lack in their response to Defendant's Second Motion to Compel. (Doc. 141 at 4-7.) However, much information is still missing; and, an argument in a response brief is not an adequate substitute for a sworn answer to an interrogatory. Fed. R. Civ. P. 33(b)(1), (3) (interrogatories must "be answered separately and fully in writing under oath" by "the party to whom they are directed"); *see Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) ("attorney's communication" does not satisfy Rule 33 because interrogatory answers must be signed by party under oath); *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 57 (D. Conn. 2005) ("An unsworn letter by a lawyer is not an adequate substitute for an interrogatory answer.").[2]

Plaintiffs argue that the attorney-client privilege and the attorney work-product doctrine protect information responsive to Interrogatory No. 16-2. (Doc. 141 at 7-16.) However, they failed to provide a privilege log of information that they withheld on a claim of privilege in response to this interrogatory.[3] Fed. R. Civ. P. 26(b)(5); *see Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, (D.N.M. 2007) ("The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege."). Without a

---

[2] Plaintiffs also identify, in their response brief, information responsive to Interrogatory No. 16-2 that their counsel cannot recall. (Doc. 141 at 4-7.) For example, Plaintiff's counsel states that he "cannot recall dates on which . . . various litigations were reviewed or known." (*Id.* at 6.) If so, Plaintiffs should include this information in the sworn supplemental answers they provide in compliance with this Order. Fed. R. Civ. P. 33(b)(1), (3); *Villareal*, 266 F.R.D. at 211; *Breon*, 232 F.R.D. at 57.

[3] In their response to Defendant's Second Motion to Compel, Plaintiffs contend that "[t]he single remaining item which has not been revealed is why counsel felt that [the facts known to Plaintiffs and/or their counsel before the filing of this lawsuit] constituted a case against XTO and what counsel told his clients concerning that exact topic. There is nothing else." (Doc. 141 at 16.) However, as noted above, the response brief itself contains responsive material facts, and allusions to responsive material facts, not included in Plaintiffs' interrogatory answers. (*See, e.g.*, Doc. 141 at 5-6 (listing prior litigation against Defendant known to Plaintiffs' counsel before the filing of this lawsuit).) Thus, Plaintiffs' contention is inaccurate on its face and the Court will disregard it.

privilege log, the Court does not have sufficient information with which to assess Plaintiffs' claims of privilege.

IT IS THEREFORE ORDERED that Defendant's Second Motion to Compel is GRANTED IN PART and DENIED IN PART as follows.

1. Within fourteen (14) days of entry of this Order, Plaintiffs are ordered to answer to Defendant's Interrogatory No. 16-2 fully and under oath, to include: (a) "the material facts" that Plaintiffs' counsel "obtained on or before September 27, 2013 upon which the allegations in the First, Second, Fourth, Fifth and Sixth Causes of Action in the Amended Complaint, respectively, are based"; (b) the date(s) on which Plaintiffs' counsel first learned of each such material fact; and, (c) from what person(s) and/or document(s) Plaintiffs' counsel learned of each such material fact. (Doc. 139-1 at 8-9.)

2. If Plaintiffs withhold any information responsive to Interrogatory No. 16-2 on the basis of the attorney-client privilege or the attorney work-product doctrine, they are to include in their answers a privilege log or logs sufficient to allow Defendant and the Court to "assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5).

3. If, after reviewing Plaintiffs' privilege log(s) and, if necessary, conferring with Plaintiffs' counsel, Defendant's counsel disagree with Plaintiffs' claim(s) of privilege, Defendant's counsel are to so notify Plaintiffs' counsel in writing within ten (10) days of receiving Plaintiffs' privilege log(s). If defense counsel so notifies Plaintiffs' counsel, Plaintiffs' counsel are to submit any withheld responsive information in dispute to the Court for *in camera* review within ten (10) days of receiving defense counsel's written notification.

4. The Court will not award attorneys' fees and costs to either party in connection with this motion at this time. Fed. R. Civ. P. 37(a)(5)(A)(iii).

IT IS SO ORDERED.

*Kirtan Khalsa*
_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE